UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

    LIEN APPEAL

PATRICIA DEWITT (Attorney),

    Appellant,

v.

LILLIAN FLANNERY (Claimant),

    Appellee.
_____/

Case No. 07-11321

Honorable Denise Page Hood

**MEMORANDUM OPINION AND ORDER**
**REGARDING LIEN APPEAL FILED BY PATRICIA DEWITT**
**ON THE LILLIAN FLANNERY CLAIM**

**I.    BACKGROUND**

This matter is before the Court on an appeal filed by Attorney Patricia DeWitt from the Lien Judge's decision finding that her lien against Lillian Flannery's Claim before the Settlement Facility-Dow Corning Trust ("SF-DCT") was invalid. (Doc. 1, Notice of Appeal of Lien Judge's Decision) A briefing schedule was entered setting the dates for the filing of the briefs. To date, Ms. DeWitt has not filed an Appellant's Brief. Ms. DeWitt does not set forth any reasons in her Notice of Appeal to support her appeal. She only states, "[t]his is Notice of Appeal of the decision of the lien judge in the above referenced matter. Enclosed for your convenience is a copy of the decision." (*Id.*)

## II. ANALYSIS

### A. Jurisdiction/Standard of Review

The Court has subject matter jurisdiction over the post-confirmation lien appeal pursuant to 28 U.S.C. § 1334(b) because the Lien Judge's decision could conceivably have an effect on the estate being administered in bankruptcy. *See In re Wolverine Radio Co.,* 930 F.2d 1132, 1141 (6th Cir. 1991); *Browning v. Levy,* 283 F.3d 761, 773 (6th Cir. 2002). The Court retains jurisdiction to interpret and enforce confirmed plans of reorganization. *See In re Thickstun Bros. Equip. Co., Inc.,* 344 B.R. 515, 522 (6th Cir. B.A.P. 2006); *In re Beta Int'l, Inc.,* 210 B.R. 279, 284 (E.D. Mich. 1996). The Amended Joint Plan of Reorganization ("Plan") provides that the Court has the authority to resolve controversies and disputes regarding the interpretation of the Plan and Plan Documents, which includes the Settlement Facility and Fund Distribution Agreement ("SFA") *See* Amended Joint Plan, § 8.7.3; SFA, §§ 4.01 and 10.09. The Court reviews *de novo* the Lien Judge's findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1).

The June 30, 2005 Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens Against Settling Implant Claimants ("Lien Review Procedures") provide that a "party may appeal the decision of the Lien Judge by filing a Notice of Appeal with the District Court within 14 days of the date of the notice from the SF-DCT providing the decision of the Lien Judge." (Lien Review Procedures, § 7.01) A timely Notice of Appeal was filed.

The Lien Review Procedures apply to disputes between claimants who have been determined to be eligible and have been paid by the SF-DCT and persons or entities who assert the right to receive a portion of the payments to the claimants from the SF-DCT. (Lien Review Procedures, § 1.01) Section 6.05 of the Lien Review Procedures provides that all expenses

incurred sought to be recovered must be reasonable in relation to the work performed and the result obtained. (Lien Review Procedures, § 6.05) Allowable expenses incurred by an attorney who is an Alleged Lienholder are set forth in the Claimant Information Guide for Class 5 Breast Implant Claims and the Agreed Order Adopting Q&A's Regarding Article IX of Annex A, The Claims Resolution Procedures, July 22, 2004. (Lien Review Procedures, § 6.05)

### B. Lien Judge's Decision

The Lien Judge, after reviewing the documents submitted by the parties, issued his ruling on February 21, 2007. The Ms. Flannery objected to the validity of Ms. DeWitt's lien. The Lien Judge found that Ms. Flannery and Ms. DeWitt met in August 1994 before the approaching deadlines in the MDL-926 matter in the United States District Court, Northern District of Alabama. Ms. Flannery assumed the responsibility of gathering all of her medical records. The Lien Judge further found that it was the understanding between Ms. Flannery and Ms. DeWitt that any fees would come from a separate fund and not be paid out of Ms. Flannery's recovery before the MDL-926. Ms. DeWitt filed the appropriate forms before the MDL-926 on behalf of Ms. Flannery. In 1995, Ms. DeWitt sent Ms. Flannery a new proposed Retainer Agreement in the nature of a contingency fee contract. Ms. Flannery terminated her relationship with Ms. DeWitt when she learned that she did not require an attorney to file a claim before the SF-DCT. The Lien Judge concluded that Ms. DeWitt's lien against Ms. Flannery's claim before the SF-DCT was invalid because Ms. Flannery filed her own claims forms before the SF-DCT, gathered her own medical records and there was no agreement between Ms. Flannery and Ms. DeWitt concerning fees recovered from any settlement in the SF-DCT.

Upon a *de novo* review of the Lien Judge's decision and the documents submitted by Ms. DeWitt, the Court finds Ms. DeWitt has failed to submit any reason to support her appeal or to

reverse the Lien Judge's decision. Based on the record before the Court, which consists of Ms. DeWitt's Notice of Appeal and a copy of the Lien Judge's decision, the Court finds the Lien Judge did not err in finding that Ms. DeWitt's lien was invalid. Ms. DeWitt's appeal must be dismissed.

**III.    CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Lien Appeal, Case No. 07-11321 is DENIED and DISMISSED. The Lien Judge's Decision is AFFIRMED.


　　　　　　　　　　　　　　　　　　　　　　 */s/ Denise Page Hood*
　　　　　　　　　　　　　　　　　　　　　　DENISE PAGE HOOD
　　　　　　　　　　　　　　　　　　　　　　United States District Judge
DATED:  March 18, 2010

_____
I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, March 18, 2010, by electronic means and/or first class U.S. mail.

　　　　　　　　　　　　　　　　　　　　　　S/Sakne Srour
　　　　　　　　　　　　　　　　　　　　　　Deputy Clerk